Per Curiam.

Waties, Bay, Trezevant, and Brevard, Justices.
The motion for a new trial must he granted on the ground that the evidence of the newspaper publication was improperly admitted at the trial for the purpose for which it was produced; viz. to show a revival or continuance of the right to prosecute this action, notwithstanding it might otherwise be barred by the act of limitations. The implied acknowledgment of a wrong committed, is not like an implied acknowledgment of a promise made. In the latter case the acknowledgment revives the contract, or is evidence of a new promise to pay a debt, and does away the presumption of its liavingbeen satisfied, arising from length of time : it may amount to proof of a new promise founded on the consideration of the former promise which has not been fulfilled. But the case is different with respect to causes of action arising from tort. An acknowledgment either express or implied, that such a wrongful act was done, cannot be coupled with the wrongful act so as to preserve that act from the operation of the statue of limitations; because the acknowledgment and the act are distinct and different in their natures, it would be like contracting to renew a wrong; and would be con *230 founding tort and contract together. To say that.such an acknowJ. edgement will save the cause of action in the case of a trespass, or ol^ier tortj from the operation of the act of limitations would be m effeet saying that the acknowledgment of a wrongful act amounts to a promise that the wrongdoer will take no advantage of the act of limitations; or that the acknowledgment of the injury done, amounts to a fresh injury, which may be coupled with the old.
New trial granted.
jybts. A man having lost some horses, put out hand bills, which were generally circulated, offering a reward for til» recovery. A person having enabled him to recover the horses, apphe ' for the reward offered by the advertisement, which the man disavowed. An action was brought, and it was held that the publicity of the hand bills, and their general circulation was sufficient evidence 1o charge the party with being privy to their circulation. 3 Esp. Rep. 66.